UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Brian Kabateck<br>Alfredo Torrijos<br>Scott Burroughs<br>Stephen Doniger | Jeff Scott |

Proceedings:   **DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, PURSUANT TO FED. R. CIV. P. 12(b)(6)** (filed 5/27/2009)

## I.    INTRODUCTION

On November 4, 2008, plaintiff Steven Shein filed the instant class action. Defendant was not served with a summons. On January 2, 2009, plaintiff Shein, joined by plaintiff Jason Insalasco, filed a first amended complaint ("FAC"). The parties subsequently met and conferred, and defendant informed plaintiffs that it intended to file a motion to dismiss the complaint.

Plaintiffs filed a second amended complaint ("SAC") on April 28, 2009 alleging six claims: (1) breach of express warranty; (2) unjust enrichment; (3) violation of the CLRA; (4) violation of the False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"); (5) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); and (6) conversion.

On May 27, 2009, defendant filed the instant motion to dismiss plaintiff's SAC. Plaintiffs filed their opposition thereto on June 8, 2009. Defendant filed a reply on June 15, 2009. A hearing was held on June 22, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

/ / /
/ / /

**II.   FACTUAL BACKGROUND**

Plaintiffs Shein and Insalasco, residents of Los Angeles County, are owners of Canon PIXMA series inkjet printers. SAC ¶¶ 32, 34. Plaintiffs allege that defendant is a New York corporation, and a wholly owned subsidiary of Japan-based Canon, Inc. Id. ¶ 8. Plaintiffs further allege that defendant is the exclusive distributor of Canon brand inkjet printers and cartridges within the United States. Id.

Plaintiffs allege that defendant reaps substantial profits by selling printers at a low price point in order to generate sales of replacement products including ink cartridges. Id. ¶ 27. Plaintiffs allege that Canon printers and ink cartridges are embedded with a computer chip that stores information about the use of the cartridge. Id. ¶ 28. Plaintiffs allege that, once the ink level in a cartridge registers as "low," the printer sends a warning message informing the consumer. Id. Plaintiffs allege that, at some point later in time, the printer sends a warning message stating that the ink cartridge is "empty" and needs to be replaced. Id. Plaintiffs allege that this warning is accompanied by a message stating that continuing to print without replacing the cartridge will damage the printer. Id. Plaintiffs further allege that the user guide that comes with the printer contains a similar warning that continuing to print with an empty cartridge will damage the printer. Id.

Plaintiffs allege that Canon PIXMA printers display these messages prematurely, before the ink cartridges are actually empty. Id. ¶ 29. Plaintiffs further allege that PC World Magazine conducted a study on Canon PIXMA printers, reporting that the ink cartridge "stopped printing when 24 percent of the ink remained in the tank." Id. Plaintiffs allege that PC World noted that Canon did not dispute these results. Id. Plaintiffs allege that defendant conceals this information at the point of purchase and omits this information in defendant's marketing materials. Id. Plaintiffs further allege that defendant's packaging and labels create the impression that consumers will be able to use all of the ink that is in a particular cartridge. Id. ¶ 31.

Plaintiffs allege that they personally heeded the warnings regarding the ink level in their printer cartridges on multiple occasions, replacing the "empty" cartridges with new cartridges. Id. ¶¶ 32-35. Plaintiffs further allege that, as a result of these allegedly misleading warnings, plaintiffs replaced cartridges that contained a substantial amount of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

ink. Id. Plaintiffs allege that they suffered actual and monetary injury by purchasing Canon ink that they were deceived into not using. Id. ¶¶ 33, 35.

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

  For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

  As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Plaintiffs' First Claim - Breach of Express Warranty

  Plaintiffs allege that "[i]n purchasing Canon ink cartridges, Plaintiffs and the Class relied on Canon's advertisements, written representations and labels on Canon ink cartridge packaging that stated that the ink cartridges contained certain amounts of ink in them." SAC ¶ 37. "In reliance on Canon's advertisements, written representations and labels, Plaintiffs and the Class anticipated using all or substantially all of the ink that Canon states was in a given cartridge, but Plaintiffs and the Class were deprived of that use." SAC ¶ 37. "Because the representations on the package were uniform labels approved by Canon, they are express warranties by Canon as to the amount of ink that can be used in the cartridge . . . " SAC ¶ 38. Plaintiffs allege that "[d]efendants breached the warranties by scaring customers into replacing their Canon brand ink cartridges before they could use the full amount of ink Canon promised to deliver." SAC ¶ 40.

  California courts use a three-step approach to express warranty questions. McDonnell Douglas Corp. v. Thiokol Corp., 124 F.3d 1173, 1176 (9th Cir. 1997). "First, the court determines whether the seller's statement amounts to an affirmation of fact or promise relating to the goods sold. Second, the court determines if the affirmation or promise was part of the basis of the bargain. Finally, if the seller made a promise relating to the goods and that promise was part of the basis of the bargain, the court must determine if the seller breached the warranty." Id. (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

Defendants argue that plaintiffs' SAC fails to state a viable claim for breach of express warranty. First, defendants argue that the SAC fails to allege that plaintiffs relied upon any warranty or allegedly false or misleading statement at the point of sale of the *printers*, and instead only describes statements on the packaging for the replacement *ink cartridges*. Mot. at 5. Therefore, defendants argue, "[p]laintiffs could not possibly have seen and relied upon any of the challenged statements at the point of sale of their Printers, and the express warranty claim should be dismissed on that basis." Mot. at 6.

Additionally, defendant argues that plaintiffs cannot base their claim for breach of express warranty on statements made in connection with the sale of the replacement ink cartridges, because defendants have failed to allege that any statement made on the packaging or labels of the ink cartridges is inaccurate. Id. at 6, citing McKinnis v. Kellog USA, 2007 WL 4766060 *5 (C.D. Cal. 2007) (dismissing breach of express warranty claim that the characteristics of defendant's Froot Loops brand cereal box constituted a representation that the box was a "substantially fruit-based product" where the box contained no misrepresentations that the cereal contained fruit). Specifically, defendant argues that plaintiffs do not allege that the ink cartridges did not contain the volume of ink represented on the packaging. Id. at 7. Instead, plaintiffs claim that they were discouraged from continuing to print by the warning messages that appeared on the printer. Id. Thus, defendant argues that, because the packaging accurately states the amount of ink in the cartridges, there is no false statement to support a claim of breach of express warranty. Id. Accordingly, defendant argues that the claim should be dismissed.

Plaintiffs counter that the statements made in connection with the sale of replacement ink cartridges are, in fact, false. Opp'n at 5. Specifically, plaintiffs argue that the only reasonable interpretation of the statement on the packaging of the replacement ink cartridges regarding the quantity of ink contained in each cartridge is that that statement represents the quantity of ink the consumer can actually use. Id. at 5-6. Plaintiffs argue that this statement, like all contractual language, should be interpreted in accordance with "what a reasonable person would believe the parties intended." Id., See Beard v. Goodrich, 110 Cal.App.4th 1031, 1038 (2003) (citing Allen v. Smith, 94 Cal.App.4th 1270, 1277 (2002)). Plaintiffs argue that because it is objectively reasonable that consumers would expect that the amount of ink listed on the packaging of the replacement cartridges it the amount available for use, defendant breached its express warranty. Id. at 7.

Plaintiffs further argue that, even if Canon's interpretation of its warranty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

statements was reasonable, the statements are ambiguous as they are "capable of more than one reasonable interpretation." Badie v. Bank of America, 67 Cal.App.4th 779, 798 (1998). Plaintiffs argue that, because California law requires Courts to move beyond the pleadings to consider extrinsic evidence in resolving such an ambiguity, dismissal based on the pleadings is inappropriate. See Trident Ctr. v. Connecticut Gen. Life Ins. Co., 847 F.2d 564, 569 (9th Cir. 1988); A. Kemp Fisheries Inc. v. Castle & Cooke, 852 F.2d 493, 497 n.2 (9th Cir. 1988).

Defendant replies that plaintiffs' argument is insufficient because the amounts of ink listed on the packaging are correct, and consumers can continue to print even after a warning message is displayed. Reply at 4-5. Furthermore, defendants argue that no reasonable consumer would have relied on the specific belief that it could use all 13 milliliters of ink in the cartridge, and that consumers would have purchased replacement ink cartridges even if the cartridge packaging had been silent as to the amount of ink in the cartridge. Reply at 5. Defendant further argues that there is nothing ambiguous about the statements cited by plaintiffs, thus there is nothing for the Court to interpret. Id. at 5.

The Court finds that dismissal of plaintiffs' express warranty claim is appropriate. Even if the statements on the replacement cartridges are warranties that could form the basis for a breach of warranty claim, plaintiffs have failed to allege that any statement made on the packaging or labels of the ink cartridges is inaccurate. See McDonnell Douglas Corp. v. Thiokol Corp., 124 F.3d 1173, 1176 (9th Cir. 1997) (third element of a warranty claim is a showing that the seller breached the warranty). Therefore, the Court GRANTS defendant's motion to dismiss with regard to plaintiffs' first claim for relief without prejudice.

### B.     Plaintiffs' Second Claim - Unjust Enrichment

"The elements of an unjust enrichment claim are the 'receipt of a benefit and [the] unjust retention at the expense of another." Peterson v. Cellco Partnership, 164 Cal.App.4th 1583 (2008).

Defendants note that "California courts appear to be split on whether unjust enrichment can be an independent claim or merely an equitable remedy." Mot. at 7, quoting Falk v. General Motors Corp., 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

Courts have held that "unjust enrichment does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." Id., quoting Melchior v. New Line Prods., In., 106 Cal. App. 4th 779, 793 (2d Dist. 2003). "Other California courts, however, have held that a plaintiff may state a claim for unjust enrichment, particularly where their claim seeks restitution where other remedies are inadequate." Id., citing Ghirardo v. Antonioli, 14 Cal. 4th 39, 50 (1996). In Falk, 496 F. Supp. 2d at 1099, the court held that because plaintiff had stated CLRA, UCL, and fraud by omission claims, "there will be no occasion to resort to unjust enrichment" and thus dismissed plaintiff's unjust enrichment claim.

Defendant argues that plaintiffs' claim for unjust enrichment should be dismissed because, under "the better reasoned interpretation of California law, unjust enrichment is merely a form of equitable remedy and not an independent claim for relief." Mot. at 7; Melchior v. New Line Prods., In., 106 Cal. App. 4th 779, 793 (2d Dist. 2003)

Plaintiffs respond that defendant's interpretation of California law is incorrect. Opp'n at 8. Plaintiffs argue that defendant provides no basis for urging the Court to adopt the reasoning employed in Melchior, a California Court of Appeal decision, instead of the reasoning in a California Supreme Court decision. Id. at 9; citing Ghirado v. Antonioli, 14 Cal. 4th. 39, 50 (1996) (A party not entitled to relief under any statutory claim is still "entitled to seek relief under traditional equitable principles of unjust enrichment."). Plaintiffs further argue that defendants may not attempt to limit the holding in Ghirado to circumstances where other remedies will be inadequate, because such an interpretation makes little sense as the Court cannot determine which claims asserted by plaintiff will afford him a remedy based on the pleadings alone. Id.

Defendants reply that Ghirado should be limited to its facts, as confirmed by the fact that many courts have subsequently dismissed unjust enrichment claims for failure to state independent claims for relief. Id. at 6; See, e.g. Walker v. Equity 1 Lenders Group. 2009 WL 1364430 *9 (S.D.Cal. May 14,2009) ("[t]here is no cause of action in California for unjust enrichment . . . Unjust enrichment is typically sought in connection with a 'quasi-contractual' claim in order to avoid unjustly conferring a benefit upon a defendant where there is no valid contract"); Swanson v USProtect Corp., 2007 WL 1394485 (N.D. Cal. 2007) (""[T]here is no cause of action in California for unjust enrichment . . . Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

    In <u>Baggett v. Hewlett-Packard Co.</u>, 582 F.Supp. 2d 1261, 1271 (C.D. Cal. 2007), the Court, following the reasoning of <u>Falk</u>, found that because plaintiff could pursue restitution through other claims, dismissal of plaintiff's unjust enrichment claim was appropriate. The Court finds this reasoning persuasive. Because the Court finds herein that plaintiffs may pursue relief, including restitution, under their UCL claim, as well as pursuant to an amended CLRA claim, a separate cause of action for unjust enrichment is unnecessary. Therefore, the Court GRANTS defendant's motion to dismiss with regard to plaintiffs' second claim for relief.

    **C.    Plaintiffs' Third Claim - Violation of the Consumer Legal Remedies Act**

    Defendant alleges that, after plaintiffs filed their FAC, defendant informed plaintiffs that they had failed to comply with the pre-suit notice required by their claim under the CLRA.[1] Plaintiffs then sent a letter to defendant, dated April 17, 2009, that,

---

[1] The CLRA provides:

> (a) Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:
>
> > (1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.
> >
> > (2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770.
>
> The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California.

Cal. Civ. Code § 1782.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

according to defendant, purported to provide defendant with CLRA notice. Plaintiffs filed a second amended complaint ("SAC") on April 28, 2009, less than thirty days following the date of the April 17, 2009 letter.

     Defendant argues that plaintiffs' CLRA claim should be dismissed because plaintiffs did not satisfy the CLRA's pre-suit notice requirement for statutory claims seeking money damages. Mot. at 8. Specifically, defendant argues that plaintiffs' attempt to comply with CLRA's pre-suit notice requirement in April, 2009, five months after the filing of the original complaint, is unavailing. Id. at 9. Defendant futher argues that the claim should be dismissed with prejudice because dismissing the claim without prejudice will not cure the defective notice. Id.; See Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2005) ("[s]trict adherence to the statute's notice provision is required to accomplish the Act's goals of expeditious remediation before litigation. Because Plaintiffs failed to provide notice to Defendants pursuant to § 1782(a), their claim for damages under the CLRA must be dismissed with prejudice."); Cattie v. Wal-Mart Stores, Inc., 504 F.Supp.2d 939, 950 (S.D. Cal. 2007) ("[p]laintiff claimed damages without giving Defendants the statutorily required opportunity for settlement. On the basis of conceded facts, it is clear Plaintiff cannot cure this deficiency by amendment."). Defendants argue that "[a]llowing Plaintiffs to provide notice through a post-filing letter would turn the notice provisions on their head and eviscerate the policy of fostering pre-filing settlements underlying those provisions . . ." Reply at 11.

     In addition, defendants note that plaintiff's original complaint alleges that "certain members of the Class have provided Defendant with notice and opportunity to cure its violations." Complaint ¶ 44. Defendants argue that this statement should be disregarded, because, until a class is certified, only the actions of the two named plaintiffs are at issue. Id.; See Morlan v. Universal Guar. Life Ins. Co., 298 F.3d 609, 616 (7th Cir. 2002) ("[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs.").

     Plaintiffs do not appear to dispute that proper notice was not given prior to April 17, 2009. However, defendants respond that the CLRA claim should not be dismissed because, while the CLRA requires notice for claims seeking money damages, the SAC, which is the operative pleading in this matter, seeks only injunctive relief. Opp'n at 10. CLRA § 1782(d) states that "[a]n action for injunctive relief brought under the specific provisions of Section 1770 may be commenced without compliance with [the pre-suit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

notice requirements of] subdivision (a)." Plaintiffs argue that, therefore, requests for money damages in plaintiffs' original complaint and in the FAC should be disregarded as those pleadings were never at issue and are of no legal effect. Id.; citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."). Plaintiffs also note that the Court in Laster did not dismiss the plaintiff's CLRA claim for injunctive relief based on defective notice for plaintiff's CLRA damages claim. Laster, 407 F. Supp. 2d at 1196. Accordingly, plaintiffs argue that their CLRA claim for injunctive relief should stand.

Additionally, plaintiffs argue that, although the SAC currently contains no CLRA claims for damages, plaintiffs should be allowed to amend to assert a claim for damages now that proper notice has been given.[2] Opp'n at 11. Plaintiffs argue that courts have rejected the notion in analogous circumstances that claims should be dismissed with prejudice. Id. at 12. Specifically, in Deitz v. Comcast Corp., 2006 U.S. Dist. LEXIS 94333(N.D. Cal. 2006), plaintiff had requested damages without giving the required notice. The court acknowledged the holding in Laster dismissing with prejudice where a plaintiff failed to satisfy the pre-litigation notice requirements, but held that "this draconian sanction is unwarranted." Id. Instead, the Deitz court dismissed without prejudice, holding that, "[g]iven that the legislature specifically contemplated that an action seeking injunctions can be amended to include a damages claim after the thirty days have run, the goal of the legislature would best be served by allowing amendment in the circumstances of this case." Id. Plaintiffs also argue that the cases cited by defendant are distinguishable because, whereas the plaintiffs in the cases cited by defendant either took no steps to comply with the CLRA pre-suit notice requirement, or provided inadequate notice, plaintiffs served defendant with adequate notice by certified mail on April 17, 2009. Opp'n at 13.

Finally, plaintiffs note that Laster, cited by defendant, did not dismiss the class claims, but rather held that the dismissal "applie[d] only to the named Plaintiffs." Id., citing Laster, 407 F.Supp.2d at 1196. Plaintiffs argue that this statement implies that

---

[2]Plaintiffs note that the SAC acknowledges plaintiffs' intent to assert a CLRA damages claim now that defendant has received proper notice. Opp'n at 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

other members of the class action lawsuit would be able to state a claim for damages under the CLRA. Id. at 13-14. Accordingly, plaintiffs argue that defendant's request to dismiss the claim in its entirety is improper because other members of the class not yet added may serve notice and legitimately pursue a claim for damages under the CLRA against defendant. Id. at 14.

Defendants reply that plaintiffs are incorrect that the SAC seeks "only injunctive relief," because, in fact, the SAC demands judgment for "injunctive relief in the form of restitution and/or disgorgement of monies." Reply at 7; SAC ¶ 55. Defendant argues that, because restitution and disgorgement are forms of money damages, the CLRA notice requirement applies and plaintiffs' claim should be dismissed with prejudice. Id.; citing Dufresne v. Veneman, 114 F.3d 952, 954 n.2 (9th Cir. 1997) (restitution claim redundant of compensatory damages claim). Defendant further argues that the "plain meaning" of an "action for damages" within the statutory language of the CLRA includes any form of remunerative or monetary payment. Id. at 8. Thus, defendant argues that, though "actual damages", "restitution", and "disgorgement of monies" can be different remedies in certain contexts, this is not the case in the present matter. Id. Defendant argues that the only logical construction of Section 1782 applies the notice requirement to all CLRA claims other than those seeking purely injunctive relief. Id. at 9.

Because plaintiffs did not provide notice within the proper time period before filing the SAC, and it appears that plaintiffs may be seeking more than injunctive relief, the Court finds dismissal of plaintiff's claim to be appropriate. However, the Court agrees with the holding in Deitz, 2006 U.S. Dist. LEXIS 94333 that the "draconian sanction" of dismissal with prejudice "is unwarranted." Therefore, the Court GRANTS defendant's motion to dismiss plaintiffs' CLRA claim, without prejudice to its being renewed after full compliance with the required notice procedures has been achieved.

> **D. Plaintiffs' Fourth and Fifth Claims - Violations of the False Advertising Law and the Unfair Competition Law**
>
> **1. Whether Plaintiffs Fail to Plead Loss of Money or Property as a Result of Defendant's Conduct**

Defendant argues that plaintiffs' FAL and UCL claims should be dismissed because plaintiffs fail to plead the required elements for such claims. Mot. at 11-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

"[T]he UCL and FAL require a plaintiff to . . . allege and prove he or she has lost money or property as a result of the defendant's unfair, unlawful or fraudulent conduct." Kwikset Corp. v. Superior Ct., 171 Cal. App. 4th 645, 653-54 (4th Dist. 2009). Defendants argue that plaintiffs fail to allege that they did not receive the benefit of their bargain because plaintiffs do not allege that the cartridges did not work properly, or that they were charged a different price than they had agreed to pay. Id. at 11-12, citing Peterson v. Cellco Partnership, 164 Cal. App. 4th 1583 (dismissing UCL claim alleging retention of undisclosed commission on sale of cell phone price, finding that plaintiff suffered no injury because he received the bargained for insurance at the bargained for price, and did not allege that the insurance could have been purchased elsewhere for a lower price).  For example, defendants argue, "[p]laintiffs do not allege that the printers or ink cartridges did not function as represented, that some component of the printer or ink cartridges was missing, or that they were charged a price other than what they agreed to pay for the printer or the ink cartridges." Mot. at 12.

     Plaintiffs respond that they have adequately pled their FAL and UCL claims. Opp'n at 14.  Specifically, plaintiffs argue that they have adequately alleged that they (1) purchased Canon ink cartridges in reliance upon defendant's statements regarding the quantity of ink contained in the cartridges; and (2) lost property when they prematurely discarded the cartridges before they were truly empty in reliance on defendant's representations regarding potential damage to the printer. Id. at 14-15, citing SAC ¶¶ 62, 77-78.  In other words, plaintiffs argue that they did not receive the "benefit of their bargain" because they were prevented from using all of the ink that defendant represented was in the cartridges.  Id. at 15, citing Aron v. U-Haul Co. of California, 143 Cal.App.4th 796, 802-03 (2006) (allegation that plaintiff was forced to purchase excess fuel because there was no accurate measuring device to determine the actual amount required to return the truck at its rental fuel level satisfies injury requirement); see also Troyk v. Farmers Group, Inc., 171 Cal.App.4th 1305 ("[a]n injury to a tangible property interest, such as money, generally satisfies the injury in fact" element for standing to bring a UCL claim).

     Defendant further argues that, in the alternative, plaintiffs' FAL claim should be dismissed because plaintiffs do not specifically allege in the SAC that they actually read or saw the alleged "advertising" printed on the replacement ink cartridge packages, and instead merely state that plaintiffs "believed and relied upon the representations" that the "ink cartridges contained a certain amount of ink and that Plaintiffs and the Class would be entitled to use all or substantially all of the ink in the cartridges." Id. at 14; See SAC ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

62.  Defendant argues that the California Supreme Court recently confirmed that Proposition 64 "imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong," and, defendant argues, by extension, under the FAL as well.  Id.; citing In re Tobacco II Cases, 2009 WL 1362556 *16 (Cal. May 18, 2009) (further holding that "a plaintiff must allege that the defendant's misrepresentations were an immediate cause of the injury-causing conduct" but that "the plaintiff is not required to allege that those misrepresentations were the sole or even the decisive cause of the injury-producing conduct").  Defendant further argues that plaintiffs' FAL claim must be dismissed in light of multiple federal and California state court decisions holding that FAL plaintiffs must have seen, read and relied upon the allegedly false advertising in order to bring suit.  Id. at 15; See, e.g. Cattie v. Wal-Mart Stores, Inc., 504 F.Supp.2d 939, 947 (S.D.Cal.,2007) (Plaintiffs' claims "do not adequately allege reliance. Therefore, the Court holds Plaintiff has not adequately alleged that...she...has standing to seek relief under the UCL or FAL.").

Furthermore, defendant reiterates its argument that the representations on the ink cartridges are not objectively false or misleading.  Mot. at 16.  Defendant also argues that the ink-related messages that appeared on the printers cannot be considered "advertising" because "[m]ost . . . published opinions hold that advertising means widespread promotional activities directed to the public at large. ."  Bank of the West v. Superior Ct, 2 Cal. 4th 1254, 1276 n.9 (1992).

Plaintiffs respond that defendant is incorrect that plaintiffs have not adequately pled reliance with regard to their FAL claim, because neither the FAL nor the federal rules require that reliance be alleged with specificity.  Id. at 17, citing Andres Farms v. Calcot, Ltd., 527 F.Supp.2d 1239, 1253 (E.D.Cal. 2007) ("Defendants fail to cite to any authority that Rule 9(b) requires more particular pleading for the element of reliance.").  Plaintiffs further argue that defendant's cited authority are not to the contrary because they all involve cases where plaintiffs either failed to make any allegation of reliance or admitted that they did not rely on false advertising in making their purchase.  Id.; See, e.g., Cattie, 504 F.Supp. 2d at 946 (complaint did not allege that "Plaintiff relied on the false advertising when entering into the transaction.").[3]

---

[3] Defendant responds that although statutes such as the CLRA and UCL lack pleading provisions similar to that required by Fed. R. Civ. P. 9(b), the enhanced

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

     Plaintiffs further argue that the question of whether or not defendant's advertising is false should not be resolved on a motion to dismiss. Opp'n at 18. Plaintiffs argue that the FAL prohibits advertising that, "although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." Id., quoting Kasky v. Nike, Inc., 27 Cal.4th 939, 951 (2002). Plaintiffs further argue that, because California courts "have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer," plaintiffs' FAL claim should not be dismissed. Id.; quoting Williams v. Gerber Products Co., 523 F.2d 934, 938 (9th Cir. 2008).

     In order to state a claim under the FAL, plaintiffs must allege that statements or other representations appearing on defendant's product labels are likely to deceive a reasonable consumer. McKinnis, 2007 WL 4766060. "If an alleged misrepresentation would not deceive a reasonable consumer or amounts to mere puffery, then any cause of action having deception as an element may be addressed, as a matter of law, on a motion to dismiss." Id. Even taking plaintiffs' allegations as true, the Court finds that plaintiffs have failed to allege an FAL claim, because plaintiffs fail to demonstrate how any statement made on the packaging or labels of the ink cartridges is inaccurate or would be misleading to a reasonable consumer. Specifically, plaintiffs do not allege that the representations regarding the amount of ink in a given are untrue. Instead, they allege that plaintiffs were unable to use all of the ink in the cartridge due to false representations made *on the printer*. Because the representations on the printer do not qualify as

---

pleading standard must be met where the claim is based on an alleged fraud. Reply at 14; citing Kearns v. Ford Motor Co., 2009 WL 1578535 *3 (9th Cir. June 8, 2009). Kearns also states that Rule 9(b) pleading requirements apply where a claim based on a consumer protection statute is premised on alleged non-disclosure. Id., Kearns, 2009 WL 1578535, at *4-*5. Defendant argues that, because plaintiffs failed to plead with the required level of specificity under Rule 9(b), this claim should be dismissed. Id. at 15. Defendant argues that plaintiff's FAL claim alleges that defendant engaged in a fraudulent course of conduct, but that plaintiff's reliance allegation – that "[plaintiffs]. . . believed and relied upon the representations made in the advertisement, that the ink cartridges contained a certain amount of ink and that Plaintiffs . . . would be entitled to use all or substantially all of the ink in the cartridges" is insufficiently vague to satisfy Rule 9(b). Reply at 15, citing SAC ¶ 62.

Case 2:08-cv-07323-CAS-E   Document 38   Filed 06/22/09   Page 15 of 19   Page ID #:284

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

"advertisements" under the FAL, plaintiffs' claim must fail.

By contrast, with regard to the UCL claim, plaintiffs have adequately pled that members of the public are likely to be deceived by the representations made by their printer that the ink cartridge is "empty" when in fact it is not. Id.; see Baggett v. Hewlett-Packard Co., 582 F.Supp.2d 1261, 1269 (C.D. Cal. 2007) ("[p]laintiff has adequately alleged that members of the public would likely believe representations made by their printer and print manual that their print cartridge is empty, though it is not. Thus, Plaintiff has alleged fraudulent conduct under the UCL"). Furthermore, in stating that false representations on the printer prevented plaintiffs from using all of the ink represented to be contained in the cartridges, plaintiffs have adequately alleged that they "lost money or property" as a result of defendant's conduct, See Kwikset, 17 Cal. App. 4th at 653-54.

### 3. Whether Plaintiffs Impermissibly Seek Money Damages

Defendant also argues that plaintiffs impermissibly seek money damages for breach of contract whereas the UCL only permits restitution. Id. at 12-13. "California law does not recognize the recovery of damages by individuals for unfair business practices." Kates v. Crocker Nat'l Bank, 776 F.2d 1396, 1398 (9th Cir. 1985); see also Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 179 (1999) . Defendants argue that plaintiffs' allegations that they should recover "all moneys [defendant] wrongfully obtained from Plaintiffs and the Class" is not a claim for restitution, but is rather "the epitome of a claim for money damages for breach of contract." Mot. at 13, citing SAC ¶ 80. Accordingly, defendant argues that these claims should be dismissed. Id.; see Stockton Executive Limousine Charter Serv., Inc. v. Union Pac. R.R., 2006 WL 769623 *7 (E.D. Cal. Mar. 27, 2006) (dismissing UCL claim "because plaintiff seeks damages available under contract law, a remedy unavailable under the UCL statute").

Plaintiffs respond that the return of moneys received by defendant for ink the plaintiffs could not use and for ink purchased prematurely are exactly the types of restitutionary awards permitted under the UCL. Id.; citing Cal. Bus. & Prof. Code § 17203 (court may "restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition"); Shersher v. Superiour Court, 154 Cal.App.4th 1491, 1498 (Cal. App. 2 Dist. 2007) (remedy plaintiff seeks must "represent the return of money or property that defendant acquired

Case 2:08-cv-07323-CAS-E   Document 38   Filed 06/22/09   Page 16 of 19   Page ID #:285

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

through its unfair practices;" California Supreme Court does not "preclude consumers from seeking the return of money they paid for a product that turned out to be not as represented"). Plaintiff is correct. "A UCL action is an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices." Cortez v. Purolator Air Filtration Products Co., 23 Cal. 4th 163, 172 (2000). Plaintiffs' claim requests money paid above the value of the benefit that plaintiff received; such a claim is proper under the UCL. See id.

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss without prejudice with regard to plaintiff's FAL claim, but DENIES defendant's motion to dismiss with regard to plaintiff's UCL claim.

### F. Plaintiffs' Sixth Claim - Conversion

#### 1. Required Elements of a Conversion Claim

Defendant argues that plaintiffs cannot state a claim for conversion because plaintiffs fail to allege the required elements for such a claim. Mot. at 18. "The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property right; and damages." Oakdale Village Group v. Fong, 43 Cal.App.4th 539, 543-544 (1996). Defendant argues that, in order to satisfy the second element of a claim for conversion, plaintiffs must allege that defendant assumed control or ownership over the property, or applied the property to its own use. Mot. at 18; Oakdale Village Group, Cal.App.4th at 543 (it is necessary to "show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use"). Defendant argues that because plaintiffs do not allege that defendant is in possession of plaintiffs' unused ink, plaintiffs have failed to state a claim for conversion. Id.

Plaintiffs respond that defendant misstates the elements of a conversion claim. Plaintiffs argue that conversion does not consist solely of taking property. Opp'n at 21-22. Rather, plaintiff argues that conversion only required a "plaintiff to show an intention or purpose to convert the goods and to exercise ownership over them, or to prevent the owner from taking possession of his property." Id., citing Zaslow v. Kroenert, 29 Cal. 2d 541, 549-550 (1946). Plaintiffs argue that defendant intended, via the empty message

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

and damage warning, to interfere with plaintiffs' property rights in the unused ink. Id. Plaintiffs argue that, because injury to the plaintiffs was a " reasonably foreseeable" consequence of the empty message and damage warning, "plaintiffs have sufficiently alleged facts of an act of conversion." Id., citing Baldwin v. Marina City Properties, 79 Cal. App. 3d 393, 411 (1978).

In Baggett, 582 F.Supp.2d 1261, a case with similar facts to the instant action, the court held that plaintiff had stated a claim for conversion when plaintiff stated that "he had a possesory right to the ink in the ink cartridge, that he used some of it, and that [defendant] HP stopped him from using the rest." Defendant argues that Baggett is distinguishable, because in Baggett, plaintiff claimed that the printers automatically shut down when the "toner empty" messages appeared, whereas here, plaintiffs do not allege that the printers prevented them from continuing to print after the ink-related message appeared. Mot. at 19.

Defendant cites Kandel v. Brother Int'l Corp., 2009 U.S. Dist. LEXIS 12881 (C.D. Cal. Feb. 13, 2009), in which the Court dismissed trespass to chattels claim against a printer manufacturer that allegedly designed printers which did not use all of the toner in its cartridges, allegedly misleading plaintiffs into believing that all of the toner in the cartridges would be used. Id. Defendant argues that the reasoning in Kandel, specifically that plaintiff had not pleaded a claim for trespass because defendant "took no action after Plaintiffs took possession of the property, and Plaintiffs never had possession of the alleged functionality," applies to the present case. Kandel, 2009 U.S. Dist. LEXIS 12881 at *2-*3.

Despite defendant's arguments and certain factual distinctions between the instant action and Baggett, 582 F.Supp.2d at 1270, the Court finds the reasoning of Baggett to be persuasive. Although plaintiffs do not allege that their printers made it impossible for them to use all of the ink in the cartridges, the Court cannot conclude at this juncture that the representations indicating that the printer would be harmed by continued printing were insufficient to prevent plaintiffs from using their ink so as to qualify as a conversion.

      **2.**      **Economic Loss Doctrine**

Defendant argues that plaintiff cannot state a claim for conversion because the

Case 2:08-cv-07323-CAS-E   Document 38   Filed 06/22/09   Page 18 of 19   Page ID #:287

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

claim is barred by the economic loss doctrine. A conversion claim sounds in tort. See Textainer Equip. Mgmt. (U.S.) Ltd. V. TRS Inc., 2007 WL 1795695 *3 (N.D. Cal. June 20, 2007). The economic loss rule "bars recovery in tort for economic damages caused by a defective product unless those losses are accompanied by some form of personal injury or damage to property other than the defective product itself." Id., See KB Home v. Superior Ct., 112 Cal. App. 4th 1076, 1079 (7th Dist. 2004). Defendant argues that, because the SAC contains no allegations of personal injuries or damage to other property, plaintiffs cannot state a claim for conversion. Id. at 18.

Plaintiffs respond that the economic loss doctrine is inapplicable to intentional torts arising independently of any contractual claims, and that the courts only apply the economic loss doctrine to strict liability and negligence claims. Opp'n at 20, citing Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal.4th 979, 989 (2004) ("Damages available under strict products liability do not include economic loss . . . We have also applied the economic loss rule to negligence actions."); see also Giles v. GMAC, 494 F.3d 865, 876 (9th Cir. 2007) (where the economic loss doctrine has used to bar recovery on tort claims beyond negligence and strict liability, the claims "usually amounted to nothing more than a failure to perform a promise contained in contract. In such cases, the plaintiff has been held to be entitled only to ordinary contract damages"). Plaintiffs argue that their conversion claim arises from intentional tortious conduct by defendant - the deprivation by defendant of plaintiffs' ink – and not from negligence or strict products liability. Id. at 21. Accordingly, plaintiffs argue that their conversion claim is outside the scope of economic loss doctrine. Id.

Defendant, however, argues that it is undisputed that plaintiffs' conversion claim arises solely out of their contract and commercial transaction with defendant. Reply at 16. Defendant argues that courts have, in fact, barred claims of conversion where they are based on contract. Id. at 15; citing McGhee v. Coe Newnes/McGehee ULC, 2004 WL 2452855 *2-*3 (N.D. Cal. 2004) (rejecting conversion counterclaim where "the duty Plaintiffs owed Defendant was only a contractual one" and there was no "separate societal duty").

At oral argument, plaintiffs again argued that defendants are incorrect that plaintiff's conversion claim arises solely out of their contract with defendant. Instead, they argued that their claims regarding the allegedly fraudulent representations appearing on the printer sound in tort and are distinguishable from a breach of contract claim. The

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 18 of 19 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | June 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

Court finds that, at this juncture, dismissal is inappropriate, because plaintiffs' allegations may properly be read as alleging a tortious act separate from any breach of contract claim alleged. Therefore, the Court DENIES defendant's motion to dismiss.

**V.     CONCLUSION**

The Court DENIES defendants' motion to dismiss with regard to plaintiffs' claims for (1) violation of the UCL and (2) conversion. The Court GRANTS defendants' motion to dismiss without prejudice with regard to plaintiffs' claims for (1) breach of express warranty; (2) violation of the CLRA; and (4) violation of the FAL.. The Court GRANTS defendant's motion to dismiss plaintiff's unjust enrichment claim with prejudice.

IT IS SO ORDERED.

|  |  | 00 | : | 15 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |