1 | Stephen M. Doniger, Esq. (SBN 179314)
  |   (Stephen@DonigerLawFirm.com)
2 | Scott A. Burroughs, Esq. (SBN 235718)
3 |   (Scott@DonigerLawFirm.com)
  | **DONIGER / BURROUGHS APC**
4 | 300 Corporate Pointe, Suite 355
5 | Culver City, California  90230
  | Telephone: (310) 590-1820
6 | Facsimile:  (310) 417-3538
7 |
8 | Brian S. Kabateck, Esq. (SBN 152054)
  |   (bsk@kbklawyers.com)
9 | Richard L. Kellner, Esq. (SBN 171416)
10 |   (rlk@kbklawyers.com)
  | Alfredo Torrijos, Esq. (SBN 222458)
11 |   (at@kbklawyers.com)
12 | **KABATECK BROWN KELLNER LLP**
  | 644 South Figueroa Street
13 | Los Angeles, California  90017
14 | Telephone: (213) 217-5000
  | Facsimile: (213) 217-5010
15 |
16 | Gregory E. Keller, Esq. (Admitted *Pro Hac Vice*)
  |   (gkeller@chitwoodlaw.com)
17 | Darren T. Kaplan, Esq. (Admitted *Pro Hac Vice*)
18 |   (dkaplan@chitwoodlaw.com)
  | **CHITWOOD HARLEY HARNES LLP**
19 | 2300 Promenade II
20 | 1230 Peachtree Street, N.E.
  | Atlanta, Georgia 30309
21 | Telephone: (404) 873-3900
22 | Facsimile: (404) 876-4476
23 | Counsel for Plaintiffs
24 | and the proposed class
25 |
26 | ///
27 | ///
28 |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

STEVEN SHEIN, suing individually, and on behalf of all others similarly situated; JASON INSALACO, suing individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

CANON U.S.A., INC, a New York Corporation; DOES 1 through 10,

Defendants.

Case No.: CV 08-07323 CAS (Ex)

CLASS ACTION

**THIRD AMENDED CLASS ACTION COMPLAINT FOR:**

1. **UNFAIR AND DECEPTIVE BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.***

2. **UNFAIR BUSINESS PRACTICE IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.***

3. **CONVERSION**

DEMAND FOR JURY TRIAL

Plaintiffs Steven Shein and Jason Insalaco (hereinafter, "Plaintiffs"), individually and on behalf of the Class defined below, bring this action for damages and injunctive relief against Defendants, Canon U.S.A., Inc., and DOES 1 through 10, demanding a trial by jury, and complain and allege as follows:

## I.     INTRODUCTION

1.     Defendant Canon U.S.A., Inc. (hereinafter "Canon" or "Defendant") is one of the world's leading manufacturers of printers and printer supplies. Plaintiffs allege on information and belief that Canon has engaged in deceptive and unconscionable conduct designed to increase the sale of its very profitable

– 2 –

1 | replacement ink cartridges to the detriment of, and at the cost to, unsuspecting
2 | consumers. At the heart of this unlawful conduct is a function on Canon printers
3 | and/or ink cartridges that prematurely signals that the ink cartridge has reached a
4 | point where the cartridge must be replaced and that continued use of the ink cartridge
5 | will cause damage to the printer or be a cause of trouble when in fact, there is still
6 | plenty of useable ink remaining in the cartridge and continued use of the cartridge
7 | will not damage the printer.

8 |     2.     Canon recommends that consumers use Canon brand ink cartridges and
9 | Plaintiff alleges on information and belief, that as much as 90% of all Canon printer
10 | compatible ink cartridges sold are Canon brand cartridges. Therefore Canon benefits
11 | enormously in deceiving consumers into prematurely replacing their ink cartridges in
12 | Canon printers.

13 |     3.     This lawsuit, brought on behalf of purchasers of Canon PIXMA series
14 | printers, seeks to end Canon's deceptive and unconscionable practices relating to its
15 | use of this deceptive and misleading feature in its printers and prays for relief
16 | addressing Canon's conduct, including without limitation, relief in the form of
17 | compensatory damages for printer cartridge ink that Plaintiff and the Class purchased
18 | but were deceived into prematurely discarding, restitution, and injunctive relief as
19 | indicated in each cause of action.

20 |

21 | **II.    JURISDICTION AND VENUE**

22 |     4.     This Court has jurisdiction over this civil action pursuant to 28 U.S.C.
23 | Section 1332(d)(2), in that the matter in controversy in this action exceeds
24 | $5,000,000.00 and this action is a class action in which at least one member of the
25 | class of plaintiffs is a citizen of a state that is different from the Defendant.

26 |     5.     Venue is proper in this District, under 15 U.S.C. Sections 15, 22, and 26
27 | and 28 U.S.C. Section 1391(b) and (c), because Canon transacts business, maintains

28 |

– 3 –

1  offices, or is otherwise found within this District; and the Defendant's unlawful acts
2  giving rise to Plaintiffs' claims occurred, and a substantial portion of the affected
3  trade and commerce described below has been carried out in this District.

4

5  ## III.   THE PARTIES

6      6.    Plaintiff Steven Shein, an individual, is a resident of Los Angeles
7  County, California and is the owner of Canon model I5000 and I6000 printers.
8  Plaintiff Shein has replaced an ink cartridge in his printers at least once after having
9  received a warning message that his cartridge was empty and continuing to print with
10  the purportedly "empty" cartridge would cause damage to his printers.

11      7.    Plaintiff Jason Insalaco, an individual, is a resident of Los Angeles
12  County, California, and is the owner of a Canon model MP830 printer.  Plaintiff
13  Insalaco has replaced an ink cartridge in his printer at least once after having received
14  a warning message that his cartridge was empty and continuing to print with the
15  purportedly "empty" cartridge would cause damage to his printer.

16      8.    Defendant Canon U.S.A., Inc. is a New York corporation and is doing
17  business in the state of California.  Upon information and belief, Defendant is a
18  wholly owned subsidiary of Japan-based Canon, Inc. and is the exclusive distributor
19  of Canon brand inkjet printers and ink cartridges within the United States.

20      9.    Plaintiffs are informed and believe and thereon allege that some
21  Defendants, DOES 1 through 10, inclusive, are manufacturers and/or vendors of
22  printers and/or ink cartridges, which have manufactured and/or supplied and are
23  manufacturing and/or supplying printers and/or ink cartridges to Defendant Canon
24  U.S.A., Inc. The true names, whether corporate, individual or otherwise of
25  Defendants DOES 1 through 10, inclusive, are presently unknown to Plaintiffs, which
26  therefore sue said Defendants by such fictitious names and will seek leave to amend

27

28

–4–

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. CV 08-07323 CAS (Ex)

1 | this complaint to show their true names and capacities when same have been
2 | ascertained.

3 |      10.    Plaintiffs are informed and believe and thereon allege that at all times
4 | relevant hereto each of the Defendants were the agent, affiliate, officer, director,
5 | manager, principal, alter-ego, and/or employee of the remaining Defendants and were
6 | at all times acting within the scope of such agency, affiliation, alter-ego relationship
7 | and/or employment; and actively participated in or subsequently ratified and adopted,
8 | or both, each and all of the acts or conduct alleged, with full knowledge of all the
9 | facts and circumstances, including, but not limited to, full knowledge of each and
10 | every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused
11 | thereby.

12 |

13 | **IV.   CLASS ACTION ALLEGATIONS**

14 |     11.    Plaintiffs bring this action on behalf of themselves, and pursuant to
15 | Federal Rules of Civil Procedure 23(a) and (b), on behalf of the following Class:

16 |              *All individuals and entities who purchased or leased a*
17 |              *Canon PIXMA series inkjet printer.*

18 |     12.    Excluded from the Class are:  (1) employees of the Defendants,
19 | including its officers or directors; (2) Defendants' affiliates, subsidiaries, or co-
20 | conspirators; and (3) all individuals and entities who obtained their replacement ink
21 | cartridges through a pay per page service or contract.  Also excluded from the Class
22 | is any judge, justice, or judicial officer presiding over this matter and the members of
23 | their immediate families and judicial staff.

24 |     13.    Plaintiffs do not know the exact number of Class members because such
25 | information is in the exclusive control of the Defendants.  However, Plaintiffs believe
26 | that due to the nature of the trade and commerce involved, Class members are

27 |

28 |

1  sufficiently numerous and geographically dispersed throughout the United States
2  such that joinder of all Class members is impracticable.

3       14.    Plaintiffs' claims are typical of, and not antagonistic to, the claims of the
4  other Class members because Plaintiffs are direct purchasers of Canon printers which
5  function in a similar, if not identical manner and, by asserting their claims, will also
6  advance the claims of all members of the Class who were damaged by the same
7  wrongful conduct of Canon and their co-conspirators as alleged herein, and the relief
8  sought is common to the Class.

9       15.    The common legal and factual questions which do not vary from Class
10 member to Class member and which may be determined without reference to
11 individual circumstances of any Class member include, but are not limited to, the
12 following:

13            a.    Whether Defendants have undertaken a common business practice
14            of producing and selling to the public inkjet printers that sends an
15            electronic message misleading the consumer into thinking the ink
16            cartridge is empty or low on ink;

17            b.    Whether the representation by Defendants to the effect that
18            continuing to print with the purportedly "empty" cartridge after it
19            instructs the user to replace the cartridge can cause damage to the printer
20            is false;

21            c.    Whether Defendants adequately disclosed these practices, and/or
22            concealed materials related to these practices;

23            d.    Whether Defendants engaged in unfair, unlawful and/or
24            fraudulent business practices;

25            e.    Whether Defendants' use of advertising and other representations
26            constitutes unfair competition and unfair, deceptive, untrue or
27            misleading advertising;

28
                                    – 6 –

f.    Whether Defendants failed to disclose material facts about the subject Canon cartridges and printers;

g.    Whether Defendants converted the ink at the time the ink belonged to Plaintiffs and the Class and wrongfully deprived the Plaintiffs and the Class to the ink they had purchased; and

h.    Whether Class members are entitled to monetary recovery including punitive damages, restitution, disgorgement of profits, and injunctive relief, and the proper measure, nature and extent of such relief.

16.   These common questions and others predominate over questions, if any, that affect only individual members of the Class.

17.   Plaintiffs and their counsel will fairly and adequately represent the interests of the Class in that Plaintiffs are typical direct purchasers of Canon's Technology.  There are no material conflicts with any other member of the Class that would make class certification inappropriate.  Plaintiffs have retained experienced class action attorneys who have prosecuted numerous class actions in this district, and Plaintiffs intend to prosecute this action vigorously.

18.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. CV 08-07323 CAS (Ex)

19.     Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.

20.     Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

21.     Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may not otherwise warrant individual litigation.

## V.     CALIFORNIA'S SUBSTANTIVE LAW
## APPLIES TO THE PROPOSED NATIONWIDE CLASS

22.     California's substantive laws apply to the proposed Class, as defined herein, because Plaintiffs properly bring this Complaint in this District.

23.     California's substantive laws may be constitutionally applied to the claims of Plaintiffs and the Class under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV., § 1, of the U.S. Constitution. California has significant contact, or significant aggregation of contacts, to the claims asserted by the Plaintiffs and all Class members, thereby creating state interests that ensure that the choice of California state law is not arbitrary or unfair.

24.     Defendants own and/or lease property and conducts substantial business in California, and therefore California has an interest in regulating Defendants' conduct under its laws.  Defendants' decision to have offices in California and avail themselves of California's laws renders the application of California law to the claims herein constitutionally permissible.

– 8 –

25.   California is also the location where a significant number of Class members were injured by virtue of the misconduct alleged herein.  A substantial number of members of the proposed nationwide Class reside in California and bought Canon printers and ink cartridges in California.

## VI.   FACTUAL ALLEGATIONS

**A.   The Subject Technology**

26.   Canon distributes Canon brand printers and multifunction printers and printer supplies, and consumables, such as ink and toner cartridges.

27.   Canon generates substantial profits from the sale of Canon brand ink cartridges.  The printer and ink cartridge business utilizes the "razor and blade" business model, in that the main hardware such as printer is priced low in order to generate sales of replacement product such as ink cartridges.  The sale of replacement components such as cartridges is where the company realizes the bulk of its profits.

28.   Canon's printers and ink cartridges are embedded with an Erasable Programmable Read-Only Memory ("EPROM") chip that stores information about the use of the cartridge.  Once the ink level is registered as low, the printer will send a warning message to the consumer that the ink level is low.  At some later point in time, the printer will then send a warning message to the consumer that the ink cartridge is "empty" and the cartridge needs to be replaced.  The printer will also display a message that continuing to print without replacing the cartridge will cause damage to the printer. Canon's printer user guides also state that continuing to print when an ink cartridge is empty will damage the printer and will be a cause of trouble.

29.   In reality, Canon PIXMA printers are programmed to prematurely display a message instructing the user to replace the ink cartridge long before the ink in the cartridge reaches a state that could be fairly described as "empty."  The cartridges will also indicate that they are "empty" when they in fact have substantial

– 9 –

ink remaining. PC World, a widely circulated and respected magazine dedicated to personal computer technology conducted an in-depth study on the Canon brand PIXMA series printers and ink cartridges and reported that with "the Canon cartridge installed, the [Canon] printer stopped printing when 24 percent of the ink remained in the tank." PC World noted that Canon did not dispute the results.

30.   Canon fails to explain, and in fact conceals, the fact that its printers will signal that a cartridge must be replaced long before all of the ink in the cartridge has been used at the point of purchase and omits such information in their marketing materials.

**B.   Experiences of Named Plaintiffs**

31.   Plaintiff Steven Shein owns Canon PIXMA series brand printers, model numbers I5000 and I6000.  On multiple occasions, in connection with the use of his Canon printers, Plaintiff Shein received warnings that an ink cartridge was empty and was simultaneously told to replace the empty ink cartridge and that continuing to print with the empty ink cartridge would damage the printer.  Believing the warnings he received were accurate and the cartridges were empty or nearly empty and that if he continued to print with the supposedly "empty" cartridges, he would cause damage to his printer, Plaintiff Shein replaced the purportedly empty ink cartridge.  In fact, the ink in Plaintiff Shein's cartridges was not empty or nearly empty when Plaintiff Shein received the empty cartridge warning messages or messages that any further printing without replacing the cartridge would damage the printer. In fact, the cartridges had substantial ink remaining, which would have allowed Plaintiff Shein to print many additional pages.

32.   As a result of this misleading and inaccurate warning, Plaintiff Shein was deceived into refraining from using the full value of his ink cartridges.  If Canon's "empty" warnings were accurate and not misleading, Plaintiff Shein would have obtained the full value of the Canon ink cartridges he purchased.  Plaintiff Shein

– 10 –

1 | has suffered actual and monetary injury by virtue of purchasing Canon ink that he
2 | was deceived into not using.

3 | 33.  Plaintiff Jason Insalaco owns a Canon PIXMA series Model MP830
4 | printer.  On multiple occasions, in connection with the use of his Canon printer,
5 | Plaintiff Insalaco received warnings that an ink cartridge was empty and was
6 | simultaneously told to replace the empty ink cartridge and that continuing to print
7 | with the empty ink cartridge would damage the printer.  Believing the warnings he
8 | received were accurate and the cartridges were empty or nearly empty and that if he
9 | continued to print with the supposedly "empty" cartridges, he would cause damage to
10 | his printer, Plaintiff Insalaco replaced the purportedly empty ink cartridge.  In fact,
11 | the ink in Plaintiff Insalaco's cartridges was not empty or nearly empty when
12 | Plaintiff Insalaco received the empty cartridge warning messages or messages that
13 | any further printing without replacing the cartridge would damage the printer.  In
14 | fact, the cartridges had substantial ink remaining, which would have allowed Plaintiff
15 | Insalaco to print many additional pages.

16 | 34.  As a result of this misleading and inaccurate warning, Plaintiff Insalaco
17 | was deceived into refraining from using the full value of his ink cartridges.  If
18 | Canon's  "empty" warnings were accurate and not misleading, Plaintiff Insalaco
19 | would have obtained the full value of the Canon ink cartridges he purchased.
20 | Plaintiff Insalaco has suffered actual and monetary injury by virtue of purchasing
21 | Canon ink that he was deceived into not using.

22
23
24
25
26 | / / /
27 | / / /
28

– 11 –

THIRD AMENDED CLASS ACTION COMPLAINT
CASE NO. CV 08-07323 CAS (Ex)

## FIRST CAUSE OF ACTION

### (Violations of California Civil Code § 1750 *et seq.*)

35. Plaintiffs incorporate and reallege, as though fully set forth herein, the paragraphs set forth above.

36. This cause of action is brought pursuant to the California Consumers Legal Remedies Act, California Civil Code sections 1750-1784 ("CLRA").

37. Canon's acts and practices described herein were intended to result in the sale of Canon brand replacement ink cartridges to the consuming public.

38. Canon is a "person" as defined by California Civil Code section 1761(c). Plaintiffs and the members of the class are "consumers" within the meaning of California Civil Code section 1761(d). The products sold by Canon are "goods" within the meaning of California Civil Code Section 1761(a).

39. Venue is proper pursuant to Civil Code § 1780(c) because Canon conducts business in this District. Plaintiffs' declarations establishing this Court as the proper venue for this action are attached as **Exhibit A** and **Exhibit B**.

40. In accordance with Section 1782(a) of the CLRA on April 17, 2009, Plaintiffs' counsel served Canon with notice of its alleged violations of the CLRA by certified mail, return receipt requested. A true and correct copy of that notice is attached as **Exhibit C**. Over 80 days have elapsed since Plaintiffs' letter of April 17, 2009. Canon has failed to provide appropriate relief in response to that letter.

41. Canon violated, and continues to violate, the CLRA by informing consumers that ink cartridges are "empty" and/or had to be replaced without disclosing to consumers that a significant amount of useable ink remains in the purportedly "empty" cartridge. Canon further violated, and continues to violate, the CLRA by falsely informing consumers that continuing to print with the "empty" ink cartridges will result in damage to the printer. These representations are misleading in violation of Civil Code section 1770(a)(16).

– 12 –

1    42.    Canon violated, and continues to violate, the CLRA by informing
2  consumers that ink cartridges are "empty" and/or had to be replaced without
3  disclosing to consumers that a significant amount of useable ink remained in the
4  toner cartridge.  Consequently, Canon is representing to consumers that a part,
5  replacement or repair service is required when it is not, in violation of Civil Code
6  section 1770(a)(15).

7    43.    The facts Canon concealed are material, in that a reasonable person
8  would have considered them important in deciding whether or not to replace an ink
9  cartridge and thereby forego the use of additional ink that could have been used as
10  well as incurring the cost of purchasing a replacement cartridge.

11    44.    Plaintiffs and the Class suffered actual damages as a direct and
12  proximate result of Canon's actions, concealment and omissions in violation of the
13  CLRA.  Had Plaintiffs and the Class known that a significant amount of useable ink
14  remained in their cartridges they would not have replaced the ink cartridges while
15  they still contained ink but would have continued to use their ink cartridges to print
16  more pages thereby making full use of the ink which they indisputably owned.

17    45.    Plaintiffs, for themselves and on behalf of the Class, demand
18  judgment against Canon under the CLRA for injunctive relief, compensatory and
19  exemplary damages along with all other relief allowable under the CLRA.

20

21                      **SECOND CAUSE OF ACTION**

22    **(Violations of California Business & Professions Code § 17200 *et seq.*)**

23    46.    Plaintiffs incorporate and reallege, as though fully set forth herein, the
24  paragraphs set forth above.

25    47.    Plaintiffs have standing to pursue this claim because they have suffered
26  injury in fact and have lost money or property as a result of Canon's actions as set
27  forth above.

28                              – 13 –

48. Class members have lost money or property as a result of Canon's actions as delineated herein.

49. Canon's actions as alleged in this complaint constitute "unfair" conduct within the meaning of California Business and Professions Code section 17200 *et seq*.

50. Canon's business practices, as alleged herein, are "unfair" because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to its customers. Canon's conduct is "unfair" because Canon fails to disclose that a significant amount of useable ink remains in the cartridge when Canon PIXMA series printers indicate that the cartridge must be replaced and that continuing to print with the current cartridge will cause damage to the printer that will not be covered by warranty.

51. Canon's actions as alleged in this complaint constitute an "unlawful" practice within the meaning of California Business and Professions Code sections 17200 *et seq.*, because Canon's actions are "unfair" and "fraudulent."

52. Canon's actions as alleged in this complaint constitute "fraudulent" conduct within the meaning of California Business and Professions Code sections 17200 *et seq.*

53. Canon's business practices, as alleged herein, are fraudulent because they are likely to deceive consumers, including Plaintiffs and the members of the Class. Canon fails to disclose all material information to its customers that a significant amount of useable ink remains in the cartridge when Canon PIXMA series printers indicate that the cartridge must be replaced and that continuing to print with the current cartridge will cause damage to the printer that will not be covered by warranty.

54. As a result of Canon's "unfair," "unlawful" and "fraudulent" conduct, Plaintiffs and the members of the class replaced their ink cartridges prematurely and

– 14 –

1 were prevented from continuing to use their ink cartridges to print more pages
2 thereby making full use of the ink which they indisputably owned.

3    55.    Canon's wrongful business practices alleged herein constituted, and
4 constitute, a continuing course of unfair competition since Canon continues to market
5 and sell its products in a manner that offends public policy, is immoral, unethical,
6 oppressive, unscrupulous and/or substantially injurious to its customers, and that is
7 likely to deceive the public.

8    56.    Pursuant to section 17203 of the California Business and Professions
9 Code, Plaintiffs and the Class seek an order of this court enjoining Canon from
10 continuing to engage in unlawful, unfair, and deceptive business practices and any
11 other act prohibited by law, including those acts set forth in this complaint.
12 Plaintiffs and the Class also seek an order requiring Canon to make full restitution of
13 all moneys it wrongfully obtained from Plaintiffs and the Class, along with all other
14 relief allowable under California Business and Professions Code section 17200 *et*
15 *seq.*

16

17                    **THIRD CAUSE OF ACTION**

18                         **(Conversion)**

19    57.    Plaintiffs incorporate and reallege, as though fully set forth herein, the
20 paragraphs set forth above.

21    58.    Plaintiffs and the Class purchased, owned, and had a right to possess and
22 use the entire amount of useable ink contained in the ink cartridges they purchased.

23    59.    Canon's warning to Plaintiffs and the Class that their ink cartridge was
24 empty, or that printing any further would damage their printers, forcing Plaintiffs and
25 the Class to cease use of their ink cartridges and to be deprived of a significant
26 amount of ink that they had purchased and were entitled to use, and was, a wrongful

27

28                         – 15 –

1  exercise of dominion and control over the property of the Plaintiffs and the Class in a
2  manner inconsistent the rights of the Plaintiffs and the Class.

3      60.    At the time the ink was converted by Canon, the ink belonged to
4  Plaintiffs and the Class and not to Canon, and Plaintiffs and the Class were harmed
5  and suffered damage by being wrongfully deprived of the ink they had purchased.

6      61.    Plaintiffs and the Class members are entitled to recover actual and
7  consequential damages as a result of Canon's trespass to and conversion of their
8  personal property. They are entitled to injunctive relief, and other relief as
9  appropriate.

10

11  **VII.  PRAYER FOR RELIEF**

12      WHEREFORE, Plaintiffs and members of the Class request that the Court
13  enter an order or judgment against Defendant as follows:

14      1.    Certifying the proposed class and notice thereto to be paid by Defendant;

15      2.    Adjudging and decreeing that Defendant has engaged in the conduct
16  alleged herein;

17      3.    For restitution and disgorgement on certain causes of action;

18      4.    For an injunction ordering Defendant to cease and desist from engaging
19  in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

20      5.    For compensatory and general damages according to proof on certain
21  causes of action;

22      6.    For special damages according to proof on certain causes of action;

23      7.    For both pre and post-judgment interest at the maximum allowable rate
24  on any amounts awarded;

25      8.    For costs of the proceedings herein;

26      9.    For reasonable attorneys fees as allowed by statute; and

27

28                      – 16 –

1      10.   For any and all such other and further relief that this Court may deem

2  just and proper.

3

4      A trial by jury is hereby demanded on all issues so triable.

5

6  Dated: July 10, 2009          KABATECK BROWN KELLNER LLP

7

8                            By:

9                                Brian S. Kabateck

                              Richard L. Kellner

10                                Alfredo Torrijos

11

12                      DONIGER / BURROUGHS APC

                    Stephen M. Doniger

13                      Scott A. Burroughs

14                      CHITWOOD HARLEY HARNES LLP

15                      Darren T. Kaplan (Admitted *Pro Hac Vice*)

                    Gregory E. Keller (Admitted *Pro Hac Vice*)

16

17                      *Counsel for Plaintiff and the proposed class*

18

19

20

21

22

23

24

25

26

27

28

                          – 17 –

**EXHIBIT A**

Stephen M. Doniger, Esq. (SBN 179314)
  (Stephen@DonigerLawFirm.com)
Scott A. Burroughs, Esq. (SBN 235718)
  (Scott@DonigerLawFirm.com)
**DONIGER / BURROUGHS APC**
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538

Brian S. Kabateck, Esq. (SBN 152054)
  (bsk@kbklawyers.com)
Richard L. Kellner, Esq. (SBN 171416)
  (rlk@kbklawyers.com)
Alfredo Torrijos, Esq. (SBN 222458)
  (at@kbklawyers.com)
**KABATECK BROWN KELLNER LLP**
644 South Figueroa Street
Los Angeles, California  90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Gregory E. Keller, Esq. (Admitted *Pro Hac Vice*)
  (gkeller@chitwoodlaw.com)
Darren T. Kaplan, Esq. (Admitted *Pro Hac Vice*)
  (dkaplan@chitwoodlaw.com)
**CHITWOOD HARLEY HARNES LLP**
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 873-3900
Facsimile: (404) 876-4476

Counsel for Plaintiffs
and the proposed class

///

///

1
DECLARATION OF STEVEN SHEIN REGARDING JURISDICTION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHEIN, suing individually, and on behalf of all others similarly situated; JASON INSALACO, suing individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>            vs.<br><br>CANON U.S.A., INC, a New York Corporation; DOES 1 through 10,<br><br>        Defendants. | Case No.:  CV 08-07323 CAS (Ex)<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF STEVEN SHEIN REGARDING JURISDICTION** |

I, Steven Shein, hereby declare and state as follows:

1.    I am over the age of 18, and a Plaintiff in this action. The facts contained in this declaration are based on my personal knowledge, and if called upon to do so, I could and would testify competently hereto.

2.    The complaint in this action, is filed in the proper place for trial under Civil Code § 1780(c), because I live, and the Defendant does business, in the Central District of California.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on July 9, 2009, in Los Angeles, CA.

By: _____

Steven Shein

**EXHIBIT B**

Stephen M. Doniger, Esq. (SBN 179314)
  (Stephen@DonigerLawFirm.com)
Scott A. Burroughs, Esq. (SBN 235718)
  (Scott@DonigerLawFirm.com)
**DONIGER / BURROUGHS APC**
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Brian S. Kabateck, Esq. (SBN 152054)
  (bsk@kbklawyers.com)
Richard L. Kellner, Esq. (SBN 171416)
  (rlk@kbklawyers.com)
Alfredo Torrijos, Esq. (SBN 222458)
  (at@kbklawyers.com)
**KABATECK BROWN KELLNER LLP**
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Gregory E. Keller, Esq. (Admitted *Pro Hac Vice*)
  (gkeller@chitwoodlaw.com)
Darren T. Kaplan, Esq. (Admitted *Pro Hac Vice*)
  (dkaplan@chitwoodlaw.com)
**CHITWOOD HARLEY HARNES LLP**
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 873-3900
Facsimile: (404) 876-4476

Counsel for Plaintiffs
and the proposed class


///

///

1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN SHEIN, suing individually, and on behalf of all others similarly situated; JASON INSALACO, suing individually, and on behalf of all others similarly situated, | Case No.: CV 08-07323 CAS (Ex) |
| | CLASS ACTION |
| | **DECLARATION OF JASON INSALACO REGARDING JURISDICTION** |
| Plaintiffs, | |
| vs. | |
| CANON U.S.A., INC, a New York Corporation; DOES 1 through 10, | |
| Defendants. | |

I, Jason Insalaco, hereby declare and state as follows:

1.      I am over the age of 18, and a Plaintiff in this action. The facts contained in this declaration are based on my personal knowledge, and if called upon to do so, I could and would testify competently hereto.

2.      The complaint in this action, is filed in the proper place for trial under Civil Code § 1780(c), because I live, and the Defendant does business, in the Central District of California.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on July 9, 2009, in Los Angeles, CA.

By: _____

Jason Insalaco

**EXHIBIT C**



STEPHEN M. DONIGER*
S'  'T A. BURROUGHS
ThoMAS GIORDANO-LASCARI
**ANTHONY G. PATCHETT (of counsel)**
*Also a Member of the Law Society of England*

April 17, 2009

*SENT VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED*

Canon USA, Inc.
One Canon Plaza
Lake Success, NY 11042

C T Corporation System
818 West Seventh Street
Los Angeles, CA 90017

Re:       **CANON'S CONVERSION AND UNFAIR BUSINESS PRACTICE**

To Whom It May Concern:

Please be advised pursuant to the California Legal Remedy Act Cal. Civ. Code §§1750 ("CLRA") that your company, Canon, Inc. ("Canon") is engaging in illegal and unfair business conduct. We represent consumers Steven Shein ("Shein") and Jason Insalaco ("Insalaco"), whom have been damaged by this unlawful conduct. Both Shein and Insalaco purchased Canon PIXMA series printers and Canon ink cartridges for use in their respective Canon printers. This letter is sent pursuant to the CLRA to provide notice and demand that you correct repair, replace or otherwise rectify the below-cited issue and provide compensation within thirty (30) days. Failing to comply with this request may expose you to liability for the actual damages suffered; an order enjoining you for such methods, acts or practices; for restitution of property; punitive damages; any other relief which the court deems proper; and court costs and attorneys' fees.

The defect in Canon's business practices is that it advertises and sells ink cartridges that do not work as advertised. Canon warns consumers that their ink cartridges are low and/or empty, when in fact, they are not. The consumer pays Canon for ink cartridges expecting the full use (or substantially full use) of the ink contained therein, however, as a result of Canon's business practices, consumers are deprived of such use. Furthermore, as a result of Canon's actions, consumers are forced to purchase replacement ink cartridges unnecessarily. Unlawfully, and in violation of Cal. Civ. Code § 1750 et seq., Canon deprives consumers of the full use of ink in Canon cartridges and engages in false and misleading advertising in selling and promoting Canon ink cartridges. This violates the above Code section, including, inter alia, sub-clause one (1) which prohibits the false representation of a product's characteristics, as well as Cal. Civ. Code §§ 17200 & 17500. This conduct is unlawful and has harmed our clients.

We demand that you cease in the above-stated business practice, and return to our clients, and all affected consumers, monies paid by consumers for ink that they did not receive but were entitled to, the monies expended by them for needlessly being forced into purchasing

Canon USA, Inc.
April 17, 2009
Page 2

replacement ink cartridges, as well as the costs of this investigation. Please contact our offices to discuss further.

    This letter in no way waives, limits, or rescinds any of our clients rights, remedies of claims, all of which are reserved to the fullest extent of law and equity.  Your prompt attention to this matter is strongly urged.  Please contact our offices should you have any further questions or wish to discuss any aspect of the case.

Very truly yours,

By: _____

Stephen M Doniger, Esq.





## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 644 South Figueroa Street, Los Angeles, CA 90017.

On **July 10, 2009**, I served the foregoing document described as **Third Amended Complaint** on the interested parties in this action:

## SEE ATTACHED LIST

[X] **VIA U.S. MAIL -** I deposited such envelope(s) with the United States Postal Service, enclosed in a sealed envelope, for collection and mailing with the United States Postal Service where it would be deposited for first class delivery, postage fully prepared, in the United States Postal Service that same day in the ordinary course of business. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.

[ ] **VIA FACSIMILE TRANSMISSION -** by use of facsimile machine, I served a copy of the document(s) on interested parties by transmitting by facsimile machine to said interested party. The facsimile machine I used complied with California Rules of Court, rule 2002, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration FAX No. (213) 217-5010 to the FAX number(s) listed next to such interested party. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

[ ] **VIA PERSONAL DELIVERY** – by personally delivering a true copy to an agent authorized to accept service at the business office/ place of hearing, addressed as follows:

[ X] **(FEDERAL)** – I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at Los Angeles, California on **July 10, 2009** at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____

IRMA DELEON

# ATTACHED LIST

Todd Schleifstein
Greenberg Traurig, LLP
200 Park Avenue
Florham Park, NJ 07932-0677
Tel 973.360.7918
Fax 973.295.1318

— 1 —