UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**     (In Chambers:)

**DEFENDANT'S MOTION TO DISMISS THE FIRST CLAIM IN THE THIRD AMENDED COMPLAINT (CLRA), PURSUANT TO FED. R. CIV. P. 12(b)(6)** (filed 07/27/09)

**DEFENDANT'S MOTION TO STRIKE ALL NATIONWIDE CLASS ALLEGATIONS, PURS. TO FED. R. CIV. P. 12(f)(2)** (filed 07/27/09)

## I.     INTRODUCTION

On November 4, 2008, plaintiff Steven Shein filed the instant class action against defendant Canon U.S.A., Inc. ("Canon"). On January 2, 2009, plaintiff Shein, joined by plaintiff Jason Insalasco, filed a first amended complaint ("FAC"). The parties subsequently met and conferred, and defendant informed plaintiffs that it intended to file a motion to dismiss the complaint.

Plaintiffs filed a second amended complaint ("SAC") on April 28, 2009, alleging six claims: (1) breach of express warranty; (2) unjust enrichment; (3) violation of the California Consumers Legal Remedies Act, Cal. Civil Code § 1750 *et seq.* ("CLRA"); (4) violation of the False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"); (5) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); and (6) conversion. On May 27, 2009, defendant filed a motion to dismiss plaintiff's SAC. On June 22, 2009, the Court granted in part and denied in part

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

defendant's motion to dismiss.[1]

Plaintiffs filed a third amended complaint ("TAC") on July 10, 2009 alleging three claims: (1) violation of CLRA; (2) violation of UCL; and (3) conversion.

On July 27, 2009, defendant filed the instant motions to dismiss plaintiffs' TAC, with regard to plaintiffs' first claim for violation of the CLRA, and to strike all nationwide class allegations. On August 10, 2009, plaintiffs filed an opposition. A reply was filed on August 17, 2009. A hearing was held on September 14, 2009, upon which the matter was taken under submission. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II. FACTUAL BACKGROUND**

Plaintiffs Shein and Insalasco, residents of Los Angeles County, are owners of Canon PIXMA series inkjet printers. SAC ¶¶ 32, 34. Plaintiffs allege that defendant is a New York corporation, and a wholly owned subsidiary of Japan-based Canon, Inc. Id. ¶ 8. Plaintiffs further allege that defendant is the exclusive distributor of Canon brand inkjet printers and cartridges within the United States. Id.

Plaintiffs allege that defendant reaps substantial profits by selling printers at a low price point in order to generate sales of replacement products including ink cartridges. Id. ¶ 27. Plaintiffs further allege that Canon printers and ink cartridges are embedded with a computer chip that stores information about the use of the cartridge, and that, once the ink level in a cartridge registers as "low," the printer sends a warning message informing the consumer. Id. ¶ 28. According to plaintiffs, at some point later in time, the printer sends a warning message stating that the ink cartridge is "empty" and needs to be replaced, and that this warning is accompanied by a message stating that continuing to

---

[1] The Court denied defendant's motion to dismiss plaintiffs' claims for violation of the UCL and conversion. The Court granted defendant's motion to dismiss without prejudice plaintiffs' claims for breach of express warranty, violation of the CLRA, and violation of the FAL. The Court granted defendant's motion to dismiss plaintiff's unjust enrichment claim with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

print without replacing the cartridge will damage the printer.  Id.  Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

further allege that the user guide that comes with the printer contains a similar warning that continuing to print with an empty cartridge will damage the printer. Id.

Plaintiffs allege that Canon PIXMA printers display these messages prematurely, before the ink cartridges are actually empty, and that PC World Magazine conducted a study on Canon PIXMA printers, reporting that the ink cartridge "stopped printing when 24 percent of the ink remained in the tank." Id. ¶ 29. Plaintiffs next allege that PC World noted that Canon did not dispute these results. Id. According to plaintiffs, defendant conceals this information at the point of purchase and omits this information in defendant's marketing materials. Id. Plaintiffs further allege that defendant's packaging and labels create the impression that consumers will be able to use all of the ink that is in a particular cartridge. Id. ¶ 31.

Plaintiffs also allege that they personally heeded the warnings regarding the ink level in their printer cartridges on multiple occasions, replacing the "empty" cartridges with new cartridges, and that, as a result of these allegedly misleading warnings, plaintiffs replaced cartridges that contained a substantial amount of ink. Id. Plaintiffs allege that they suffered actual and monetary injury by purchasing Canon ink that they were deceived into not using. Id. ¶¶ 32-35.

## III. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

    In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

    Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

    Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

    For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

    As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

    **B.    Motion to Strike**

    A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Engineers, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

**IV.    DISCUSSION**

    **A.    Plaintiffs' Claim for Violation of the Consumer Legal Remedies Act**

    Defendant argues that plaintiffs' CLRA claim should be dismissed because plaintiffs did not satisfy the CLRA's pre-suit notice requirement for statutory claims seeking money damages.[2] Mot. at 2. Defendant alleges that, after plaintiffs filed their

---

    [2]  The CLRA provides:

> (a) Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:
>
> > (1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by section 1770 of the particular alleged violations of section 1770.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

FAC, defendant informed plaintiffs that they had failed to comply with the pre-suit notice required by their claim under the CLRA. Plaintiffs then sent a letter to defendant, dated April 17, 2009, that, according to defendant, purported to provide defendant with CLRA notice. Plaintiffs filed a second amended complaint ("SAC") on April 28, 2009, less than thirty days following the date of the April 17, 2009 letter. Because plaintiffs did not provide notice within the proper time period before filing the SAC, and it appeared that plaintiffs may be seeking more than injunctive relief, this Court, on June 22, 2009, granted defendant's motion to dismiss plaintiffs' claim for CLRA, without prejudice to its being renewed after full compliance with the required notice procedures had been achieved.

  Defendant argues that plaintiffs did not cure the defective notice before renewing their CLRA claim for damages, as required by this Court's order. Accordingly, defendant argues that the CLRA claim in the TAC should be dismissed with prejudice. Mot. at 2, 6. Defendant contends that the CLRA sets forth a specific procedure by which a plaintiff can serve a complaint, send statutory pre-suit notice and a demand to cure, and then amend his or her pleading to seek money damages if the demand letter is unavailing. Id. at 6. Since the Court issued its order on June 22, 2009, plaintiffs did not serve an additional CLRA notice and demand letter on defendant, but filed a TAC that included a CLRA claim for money damages premised upon the April 17, 2009 demand letter. Defendant contends that plaintiffs' actions do not fully comply with the strict rules set forth in the CLRA for two reasons.[3] Id. at 2.

---

    (2) Demand that the person correct, repair, replace, or otherwise
     rectify the goods or services alleged to be in violation of section 1770.

   The notice shall be in writing and shall be sent by certified or registered
   mail, return receipt requested, to the place where the transaction occurred or
   to the person's principal place of business within California.

 Cal. Civ. Code § 1782.

 [3] Defendant argues that courts require strict compliance with these requirements. Mot. at 7 (citing Cattie v. Wal-Mart Stores, Inc., 504 F. Supp. 2d 939, 950 (S.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

First, defendant argues that plaintiffs have not provided timely pre-suit notice because the April 17, 2009 demand letter cannot "relate back" for purposes of a further amended pleading.[4] Id. at 8-9. Defendant contends that in its June 22, 2009 order, the Court "expressly rejected" the April 17, 2009 demand letter and that the order did not "merely require[] them to file the TAC 30 days after sending their April 17, 2009 demand letter." Reply at 3. Second, defendant argues that even if the Court finds that the April 17, 2009 demand letter constitutes timely notice, the letter still cannot support the CLRA claim in the TAC because it was improperly served, pursuant to section 1782(a).[5] Mot. at 9. Specifically, defendant contends that plaintiffs were required to serve Canon at its "principal place of business within California" and that the April 17, 2009 letter was instead sent to defendant at its Lake Success, New York headquarters and a copy was sent to defendant's agent for service of process in California.[6] Id. According to

---

2007)). Defendant further argues that defendant's actual notice of plaintiffs' intention to pursue money damages under the CLRA is irrelevant. Id. (citing Lazar v. General Motors Corp., 2005 WL 2651245 *8 (Cal. Ct. App. Oct. 18, 2005)).

[4] Defendant contends that when plaintiffs chose to further amend the complaint as a matter of course, before Canon filed an answer, then plaintiffs had two options under the CLRA rules. Id. at 8. According to defendant, plaintiffs could have omitted a CLRA claim from the TAC, or included a claim that did not seek money damages. Id. Then, plaintiffs could have served a proper CLRA notice and demand letter, and if no response was forthcoming from Canon after thirty days, or it was unsatisfactory, plaintiffs could further amend the TAC to either include a new CLRA claim, or to add a request for money damages to a previously-pleaded CLRA claim. Id. (citing Cal. Civ. Code § 1782(d) which permits the consumer to amend his or her complaint to include a request for damages).

[5] The CLRA states that the pre-suit notice shall be sent "to the place where the transaction occurred or to the person's principal place of business within California." Cal. Civ. Code § 1782(a).

[6] According to defendant, it is not possible for plaintiffs to provide Canon with notice at "the place where the transaction occurred" because plaintiffs do not dispute that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

defendant, the CLRA does not provide for substituted service of a pre-suit notice letter upon a defendant's agent for service of process, and that defendant is unaware of any authority recognizing the validity of such substituted service. Id. at 10. Defendant further argues that under the plain meaning of the statute only Canon may be served and that service must take place at Canon's principal place of business in California. Id.

However, at oral argument, defendant's counsel asserted that it is not possible for plaintiffs to send Canon notice at its "principal place of business in California" because Canon does not have such a place of business. As such, defendant's counsel argued that it would not be possible for plaintiffs to strictly comply with the notice provisions and thus perfect their CLRA claim for damages against Canon.

In support of its argument, defendant cites to Kandel v. Brother Int'l Corp., Case No. CV 08-1040 (C.D. Cal. May 12, 2009), where a similar issue arose as to whether sending a CLRA notice and demand letter to the registered agent of defendant for service of process in California satisfied the statute's pre-suit notice requirement. Id. at 11. In Kandel, the court found that the statute did not provide for such substituted service but only allows for notice at "one of two specifically enumerated locations."[7] Id. (Kandel, slip op. at 5-6). For these reasons, defendant argues that plaintiff has not fully complied with the CLRA notice requirements and thus the claim should be dismissed with prejudice.

Plaintiffs respond that they have complied with the Court's June 22, 2009 order because plaintiffs renewed their CLRA claim, by filing their TAC on July 10, 2009, which is more than thirty days after defendant received pre-suit notice on April 17, 2009.

---

they purchased their printers and replacement ink cartridges at non-party retail stores, rather than directly from defendant. Id.

[7] The court in Kandel noted that "[t]he requirements of the text – while most likely not what was intended by the California legislature – are not absurd. . . . Further, for [plaintiff] to prevail, the Court would have to substantially rewrite § 1782(a) to include a provision that allows for notice in the manner likely to effectuate actual notice." Slip op. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC. | | |

Opp'n at 3. Plaintiffs argue that it would be "entirely superfluous and would only serve to unnecessarily delay adjudication of this matter" if they were required to send a second pre-suit notification and to wait another 30 days before filing the TAC. Id. As to proper service, plaintiffs contend that Canon waived its right to object to service when defendant did not raise the objection in its motion to dismiss the SAC. Id. at 4 (citing Fed. R. Civ. P. 12(g)(2). Plaintiffs argue that they complied with the "spirit and intention of the CLRA" and that defendant has had ample notice and opportunity to remedy the complained of practice. Id. At 5 (quoting Outboard Marine Corp. v. Superior Court, 52 Cal. App. 3d 30, 40 (1975) (stating that the purpose of the CLRA notice provision is "to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements")).[8] Finally, plaintiffs contend that they complied with the language of the statute since they sent pre-suit notification to the defendant's addresses listed on the California's Secretary of State website and defendant has acknowledged receipt of this letter. Id. at 5-6. Plaintiffs argue that the CLRA does not define "principal place of business" but instead provides that the statute "shall be liberally construed and applied to promote its underlying purposes." Id. at 6 (citing Cal. Civ. Code § 1760). As such, plaintiffs contend that the legislature did not intend to "place a burden on the consumer to locate a defendant's principal place of business when defendant is a multinational corporation" and that defendant's motion should be denied. Id.

As to the issue of service, defendant argues that Canon did not waive its objection pursuant to Fed. R. Civ. P. 12(g)(2) which provides that with certain exceptions, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."[9] Id. at 4. Defendant argues that a Rule 12(b)(6) defense is one such exception

---

[8] Defendant contends that plaintiff mis-cites Outboard Marine for the proposition that strict compliance with the CLRA's notice requirements is unnecessary when the case actually holds the opposite – that "literal application the notice provisions" is required. Id. at 4 (citing 52 Cal. App. 3d at 41).

[9] One of the exceptions to which Rule 12(g)(2) does not apply is a post-answer Rule 12(c) motion. Fed. R. Civ. Proc. 12(h)(2)(B). Defendant contends that to the extent that the Court finds Rule 12(g)(2) to be applicable here, defendant will renew this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

that cannot be waived under Rule 12(g)(2). Id. at 5 (citing Fed. R. Civ. P. 12(h)(1)-(2)). Defendant further argues that even if Rule 12(g)(2) applies here, the rule only prohibits untimely assertions of defenses and not discrete arguments. Id. at 5. Defendant contends that in the previous motion, it already challenged the propriety of the purported CLRA notice provided by plaintiffs, and defendant is now addressing another defect with that purported form of notice. Id. Finally, defendant argues that courts have refused to apply Rule 12(g)(2) as a bar to a subsequent pre-answer motion where, as they allege here, there is no evidence of bad faith, inconvenience to plaintiff or undue delay. Id. at 6. Defendant alleges that it informed plaintiffs that they had failed to properly serve notice during a July 20, 2009 meet and confer session and that plaintiffs "chose to ignore this defect." Id. at 7.

First, the Court finds that plaintiffs' April 17, 2009 demand letter relates back for purposes of the statutory notice procedures. Therefore, since plaintiffs filed their TAC on July 10, 2009, more than thirty days after defendant received pre-suit notice, the Court concludes that the April 17, 2009 demand letter constitutes timely CLRA notice.

Second, as to the issue of waiver, the Court finds that Canon did not waive its objection to adequacy of service of the notice. The CLRA notice has been held to be an element of a claim for damages pursuant to the CLRA. See Outboard Marine, 52 Cal. App. 3d at 40-41. Therefore, Canon's objection is a Rule 12(b)(6) defense which cannot be waived.

Third, as to the issue of proper service of notice, the Court finds that by sending the demand letter to defendant's headquarters in New York that plaintiffs have served notice that substantially complies with the purposes of the notice requirement. In interpreting a statute, a court's "fundamental task" is "to determine the Legislature's intent so as to effectuate the law's purpose." Coalition of Concerned Cmty., Inc. v. City of Los Angeles, 34 Cal. 4th 733, 737 (2004). First, the court examines the statutory language, giving it a plain and commonsense meaning. See id; see also Lamie, 540 U.S. at 534 ("It is well established that when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to

---

argument in a Rule 12(c) motion. Reply at 5 n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

enforce it according to its terms."). However, the court does "not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow a statute's plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend." Id.

Case law suggests that "literal application" of the CLRA notice provision is required to effectuate the "clear intent of the act [which] is to provide and facilitate precomplaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished." Outboard Marine, 52 Cal. App. 3d at 41; see also e.g., Cattie v. Wal-Mart Stores, Inc., 504 F. Supp. 2d 939, 950 (S.D. Cal 2007) (quoting id.); Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2005) (citing id. and finding that "[s]trict adherence to the statute's notice provisions is required to accomplish the Act's goals of expeditious remediation before litigation"). Furthermore, cases directed to the 30-day notice provision have held that "substantial compliance only" with section 1782 is insufficient to state a CLRA claim for damages. See, e.g., Outboard Marine, 52 Cal. App. 3d at 40-41. However, the Court is aware of only one case, where the determinative issue was whether notice was sent to the proper place rather than sent in the timely manner strictly required by the statute.[10]

Prior to 2000, section 1782(a) provided that in addition to the two current means of

---

[10] The court in Kandel held that sending notice to defendant's agent for service of process in California was insufficient under section 1782(a) because the statute "explicitly requires" plaintiff to provide notice at "one of two specifically enumerated locations," and that since the statutory language is plain and the "requirements of the text – while most likely not what was intended by the California legislature – are not absurd," the court must enforce the requirements to its terms. Kandel v. Brother Int'l Corp., Case No. CV 08-1040, slip op. 5-6 (C.D. Cal. May 12, 2009) (citing Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004)). The instant case is distinguishable because plaintiffs sent their demand letter to defendant's agent for service of process in California and to defendant's headquarters in New York.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

providing CLRA notice, a plaintiff could give to the Secretary of State of California if neither of the other methods would effect actual notice.[11] See Cal. Civ. Code § 1782(a) (1999). The California legislature removed notice through the Secretary of State in a larger bill designed to eliminate the Secretary as the "agent for service of process" for various provisions, including section 1782(a).[12] See 1999 Cal. Legis. Ch. 1000 (S.B. 284). There is no indication that by this amendment to the notice provision of CLRA, the legislature intended to indirectly limit the coverage of the CLRA, and thus exclude some businesses who sell consumer goods, but do not have a retail location or a principal place of business in California, from being subject to CLRA damage claims. Had the legislature intended to exempt these businesses, including defendant in this case, it could have explicitly done so in the statute, rather than doing so by eliminating substituted service of notice on the Secretary of State.

Thus, the Court finds that strictly applying the plain language of section 1782(a) in this case would contravene the goals of the CLRA notice provision which is to facilitate remediation of consumer actions. Therefore, the Court concludes that plaintiffs have complied with the section 1782(a) notice provision by sending the April 17, 2009 demand letter to defendant's headquarters in New York more than thirty days before filing their TAC which includes a CLRA claim for damages. The Court therefore denies defendant's motion to dismiss plaintiffs CLRA claim.

### B. Motion to Strike All Nationwide Class Allegations

---

[11] "Such [CLRA] notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred, such person's principal place of business within California, or, if neither will effect actual notice, the office of the Secretary of State of California." Cal. Civ. Code § 1782(a) (1999).

[12] The primary focus of California Senate Bill 284 was to consolidate the statutory fees for various business programs in the government code, to revise certain fees, and to specify how the fees and interest earned should be expended. See 1999 Cal. Legis. Ch. 1000 (S.B. 284).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

    Plaintiffs have filed this class action case, pursuant to Fed. R. Civ. P. 23(a) and (b), on behalf of "[a]ll individuals and entities who purchased or leased a Canon PIXMA series." TAC ¶ 11.

    Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." Defendant asserts that "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." Mot. at 12 (quoting Sanders v. Apple Inc., 2009 WL 150950 *9 (N.D. Cal. Jan. 21, 2009). However, before granting the motion, defendant must establish that any questions of law are clear and undisputed, and that under no set of circumstances could the claim succeed. RDF Media Ltd. v. Fox Broadcasting Co., 372 F. Supp.2d 556, 561 (C.D. Cal. 2005).

    Defendant moves the Court to strike from the TAC all nationwide class allegations on the basis that California law cannot apply to the claims of all members of a nationwide class and because of the manageability problems that would ensue from the application of all fifty states' laws to the claims asserted by a nationwide class.[13] Id. at 13. Defendant contends that since plaintiffs seek certification of a class pursuant to Fed. R. Civ. P. 23(b)(3), the Court must undertake a choice of law analysis pursuant to the law of the forum state, in this case California. Id. (citing Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186-88 (9th Cir. 2001)). Defendant argues that many states' laws conflict

---

    [13] Defendant contends that other courts have stricken class allegations at the pleading stage on the same basis. Id. (citing Sanders, 2009 WL 150950 at *11; Stearns v. Select Comfort Retail Corp., 2008 WL 4542967 at *8 (N.D. Cal. Oct. 1, 2008); In re Graphics Processing Units Antitrust Litig., 527 F. Supp. 2d 1011, 1028 (N.D. Cal. 2007).

    Plaintiffs respond that both the Sanders and the Stearns courts struck the nationwide class allegations with leave to amend and that this fact "directly refutes" defendant's argument that a nationwide class of consumers can never be certified and thus is appropriately the subject of a motion to strike. Opp'n at 12. Plaintiffs further contend that the court in In re. Graphics Processing actually dismissed the motion to strike nationwide class allegations relating to a common law claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                                    O

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

with California law on multiple issues raised by the claims pleaded in the TAC.[14] Id. at 15-21. Defendant further argues that each state has a compelling governmental interest in applying its own consumer protection statute and law of conversion to claims concerning sales transactions that took place within its borders. Id. at 22 (citing Wilks v. Ford Motor Co., 174 F.R.D. 332, 348 (D.N.J. 1997). Because of these alleged material differences and each state's interest in applying its own law, defendant argues that the Court will have to apply California's three-part "governmental interest" test "literally hundreds of times."[15] Id. at 14 (citing Zinser, 253 F.3d at 1188 (finding that once the court determines

---

[14] Defendant argues that as an initial matter, the CLRA and UCL have no extra-territorial application. Id. at 15 (citing Churchill Village, L.L.C. v. General Elec. Co., 169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000); Northwest Mortgage Inc. v. Superior Ct., 72 Cal. App. 4th 214 (Cal. Ct. App. 1999); Wagh v. Metris Direct, Inc., 2005 WL 1253940 *9 (Cal. Ct. App. May 27, 2005)). Defendant further argues that there are significant differences between the CLRA and UCL and the consumer protection statutes of the other forty-nine states. Id. 16-20. Among these alleged differences are the ability to assert claims on a class-wide basis, the prerequisites for a claim, how deceptiveness is measured, the practices which violate the statute, the required mental state of defendant to incur liability, the statute of limitations, and the availability of damages. Id. As to the claim of conversion, defendant argues that state laws differ as to three aspects of the tort: (1) whether plaintiff must prove scienter; (2) the extent to which defendant's actions must have interferred with plaintiff's use of the chattel; and (3) the statute of limitations for bringing a claim. Id. at 20-21.

[15] "Under the first step of the [California] governmental interest approach, the foreign law proponent must identify the applicable rule of law in each potentially concerned state and must show it materially differs from the law of California. . . . If . . . the trial court finds the laws are materially different, it must proceed to the second step and determine what interest, if any, each state has in having its own law applied to the case. . . . Only if the trial court determines that the laws are materially different *and* that each state has an interest in having its own law applied, thus reflecting an actual conflict, must the court take the final step and select the law of the state whose interests would be "more impaired" if its law were not applied." Washington Mut. Bank, FA v. Superior Ct., 24 Cal. 4th 906, 918-19 (2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

that multiple states' laws are in conflict, the court "must apply California's three-part conflict test to *each* non-forum state with an interest in the application of its law" and the test "must be applied to *each* claim upon which [class] certification is sought")). Therefore, defendant contends that "certification of a nationwide class is unreasonable and unwarranted." Id. at 22 (citing In re Amer. Med. Sys., Inc., 75 F.3d 1069, 1085 (6th Cir. 1996)). Defendant urges the Court to "conserve judicial and the parties' resources at the outset of the case" by striking the nationwide class allegations from the TAC and limiting the putative class to California purchasers of Canon-brand inkjet printers. Id. at 14, 22. By granting the motion to strike, defendant argues that the Court will avoid any conflicts of law, potentially avoid discovery on issues that do not pertain to the California claims, and eliminate the need for an "extensive and time-consuming choice of law analysis, as well as the resulting manageability problems that would ensue." Id. at 14.

Plaintiffs respond that striking the class allegations at this early stage of the proceedings is premature.[16] Opp'n at 6, 14. Furthermore, plaintiff argues that defendant is unable to meet its burden under Rule 12(f) to show that the nationwide class allegations are "redundant, immaterial, impertinent, or scandalous" and as such should be stricken.[17] Id. at 6-7. According to plaintiffs, the class allegations in the TAC address each of the elements of Rule 23 and clearly relate to the subject matter of the litigation. Id. (quoting LeDuc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 823 (N.D. Cal. 1992) ("Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.")).

---

[16] Plaintiffs assert that not until they move to certify the class does the burden shift to plaintiffs to demonstrate that the requirements of Fed. R. Civ. P. 23 are met. Consequently, plaintiffs argue that it is premature for the parties to engage in a Rule 23(c) analysis. Opp'n at 14 (citing Chong v. State Farm Mut. Auto Ins. Co., 428 F. Supp. 2d 1136, 1146-47 (S.D. Cal. 2006). Plaintiffs assert they will submit a "suitable and realistic plan" for trial of the class claims when they seek certification of the national class. Id.

[17] Plaintiffs contend that "Canon does not even argue in its motion that there is anything redundant, immaterial, impertinent or scandalous in [p]laintiffs' complaint." Id. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

Plaintiffs argue that courts generally review class allegations through a motion for class certification, after plaintiffs have had the opportunity to develop their claims and class through discovery. Id. at 9 (citing Sirota v. Solitron Devices, Inc., 673 F.2d 566, 570-72 (2d Cir. 1982)). Plaintiffs further assert that motions to strike class allegations are disfavored and rarely granted because courts recognize that in granting the motion, the court is effectively bypassing the rigorous class certification analysis required by Fed. R. Civ. P. 23. Id. at 9, 10 n.1 (citing e.g., Thorpe v. Abott Laboratories, Inc., 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); Silverman v. Smithkline Beecham Corp., 2007 WL 3072274 (C.D. Cal. 2007)). According to plaintiffs, defendant fails to meet its burden, under Rule 12(f), of demonstrating that under no set of circumstances could a nationwide class be certified. Id. at 10. Plaintiffs dispute defendant's contention that a choice of law analysis precludes class certification and argue instead that the need for a state-by-state choice of law analysis has been rejected by numerous courts as a basis to strike nationwide class allegations. Id. (citing In re Saturn L-Series Timing Chain Product Liability Litig., 2008 WL 4866604 (D. Neb. Nov. 7, 2008)).

Plaintiffs analogize their case to Khorrami v. Lexmark Int'l Inc., No. CV 07-01671 (C.D. Cal. Sept. 13, 2007), where the court denied a motion to strike nationwide class allegations on causes of actions for, among other things, conversion arising from allegations that toner remained in defendant Lexmark brand toner cartridges at shut down. Id. at 11. The court in Lexmark found that defendant's "concern that a nationwide class action relying on state law is inherently unmanageable, and therefore unfit to be certified" is "not without merit." Lexmark, No. CV 07-01671, slip op. at 7. However, the court reasoned that were it to strike the class prior to discovery, the court "would in effect be ruling that nationwide or multi-state class actions could never exist because of the variation in each state's substantive laws," and that the "Supreme Court has instructed that [such class actions] can be, and are, maintained in many instances." Id. at 8. The Lexmark court reserved ruling on the propriety of the class allegations until after plaintiffs had made the case for certification based on appropriate discovery. Id. at 9.

Moreover, plaintiffs argue that courts have certified nationwide classes despite objections that choice of law issues precluded certification . Opp'n at 15. (citing Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998) (state consumer protection laws)). Plaintiffs further argue that California's governmental interest test may result in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

application of California law to the class' claims.[18] Id. at 16-17.  However, even if the Court s required to apply the law of each state, plaintiff contends that manageability problems do not necessarily render certification of the class impossible.  Id. at 17 (citing In re Pharmaceutical Industry Average Wholesale Price Litig., 230 F.R.D. 61 (D. Mass. 2005)).  Plaintiffs further contend that differences among the various states with regard to the law of conversion are immaterial and do not support striking the nationwide class allegations.[19]  Id. at 18-21.  Finally, plaintiffs argue that all of Canon's cited authorities where courts refused to certify classes based on claims of conversion are decisions on motions for class certification and not motions to strike.  Id. At 21-22.  Consequently, plaintiffs urge the Court to deny defendant's motion on the basis that it is premature and that the Court should reserve ruling on certification until the Rule 23 motion.  Id.

Defendant responds that the motion to strike is ripe for decision and that numerous courts have granted Rule 12(f) motions because the allegations could not possibly satisfy one or more of the class certification requirements.  Reply at 7-8 (citing e.g., Woodard v. FedEx Freight E., Inc., 250 F.R.D. 178, 183 (M.D. Pa. 2008).  Defendant contends that it only seeks to reduce the geographic scope of the putative class to California because it would be "absolutely futile on the very face of the TAC to attempt to certify a nationwide class."  Id. at 8.  Defendant repeats its arguments in the reply and further argues that discovery will not add anything new to the analysis on this issue.  Id. at 9.  Additionally, defendant argues that Lexmark, cited by plaintiffs, is not on point because unlike plaintiffs in this case, the Lexmark court observed that its plaintiff did not "explain whether he plans to rely solely on California law."  Id. at 14 n.6.

Finally, defendant urges the Court not to grant plaintiffs' leave to submit a fourth amended complaint.  Id. at 15.  Defendant contends that there is no way a new pleading

---

[18]  Defendant responds that California law cannot be applied to non-California residents in this case without violating the requirements of Constitutional due process.  Reply at 9.

[19]  Plaintiffs assert that when they move to certify, they will present the Court with a comprehensive case management plan detailing how differing statutes of limitations can be managed post-trial at the claims stage.  Id. at 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-07323 CAS (Ex) | Date | September 22, 2009 |
|---|---|---|---|
| Title | **STEVEN SHEIN, suing individually and on behalf of all others similarly situated; ET AL. v. CANON U.S.A., INC.** | | |

could cure the deficiencies that would avoid the due process, choice of law, predominance, superiority, and manageability problems raised in this motion. Id. at 16.

The Court finds that these matters are more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record. Thus, the Court denies defendant's motion to strike all nationwide class allegations.

**V.     CONCLUSION**

In accordance with the foregoing, the Court DENIES defendant's motion to dismiss plaintiffs' TAC, with regard to plaintiffs' first claim for violation of the CLRA, and DENIES defendant's motion to strike.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |